THE BROOKLYN SAVINGS BANK, Appellant, v. JENNIE KORNFELD and Others, Defendants; MILDRED L. FISCHER, as Committee of GEORGE K. FISCHER, Receiver, an Incompetent Person; WILLIAM F. BURCH and NATIONAL SURETY COMPANY, Respondents.— Order settling account of Mildred L. Fischer, as committee of George K. Fischer, and order confirming the provisions of that order on reargument, reversed upon the law and the facts, with ten dollars costs and disbursements, and the matter remitted to an official referee to take and state the account of the receiver and the objections thereto and to report to the Special Term thereon with his opinion. Lazansky, P. J., Kapper and Tompkins, JJ., concur; Scudder and Davis, JJ., dissent and vote to affirm.

JOSEPH CAPONE, Respondent, Appellant, v. MATTEO REALTY CORPORATION and Others, Defendants; THOMAS F. McGUIRE, Receiver, Appellant, Respondent. PHILIP BRUST and MARGARET F. INGALLINA, Plaintiffs, v. MATTEO REALTY CORPORATION and Others, Defendants. THOMAS A. KANE and VITO F. LANZA, Plaintiffs, v. MATTEO REALTY CORPORATION and Others, Defendants.— Order settling account of receiver, in so far as appealed from, reversed upon the law and the facts, without costs, and the matter remitted to an official referee to pass upon the account of the receiver and the objections thereto and such other matters as are presented in the original notice of motion. The account of the receiver should not have been determined upon affidavits. The appeal from the order denying motion for reargument is dismissed. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

COLLEGE THEATRES, INC., Appellant, v. SAM KAPLAN, as President of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators Union of the United States and Canada, Local 306, an Unincorporated Organization of Seven or More Members, Respondent.— Order denying motion for an injunction pendente lite reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. On the facts disclosed, it appears that the purpose of the picketing is to force a breach of the contractual relations entered into between the plaintiff and a rival organization. Kapper, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs in result, being of opinion that on the papers before the court the good faith of the defendant union in its attitude toward the contract between the plaintiff and other unions is questionable. To decide this requires a trial. In the meantime picketing should be stayed.